John Turscak, Reg.No.14098-074
United States Penitentiary - Atlanta
P.O. Box 150160
Atlanta, Georgia 30315
Defendant.



RECEIVED
JUL 20 2005
CHAMBERS OF
JUDGE A. HOWARD MATZ

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
JUL 21 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOHN TURSCAK, Defendant. | No. CV 05-2421-AHM<br>CR 99-382-AHM<br>"DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION(S) AND [PROPOSED] ORDER(S) DATED MAY 26, 2005 AND JUNE 27, 2005" |

I, ["DEFENDANT"] John Turscak, in the above entitled action, hereby submits to this honorable Court, Defendants' Memorandum in support of Defendant's Opposition to the Government's Ex Parte Application(s) and [Proposed] Order(s) Dated May 26, 2005, and, June 27, 2005.

Dated: July 11, 2005

Respectfully Submitted,

John Turscak
Defendant.



ENTER ON JCMS
JUL 22 2005

-1-

73

## MEMORANDUM

On June 3, 2005, Defendant respectfully submitted to this honorable Court (attached hereto), "Defendant's Opposition To Government's Ex Parte Application And [Proposed] Order dated May 26, 2005" via U.S.P. Atlanta federal prison officials.

On July 8, 2005 Defendant received a granted "ORDER" from the Court dated June 29, 2005 presented by the A.U.S.A. Diana L. Pauli on June 27, 2005. Defendant was not allowed to give any Opposition to this, yet "another" ex parte application submitted by the government, and, by the look of the date shown on this "ORDER", this honorable Court never did receive my opposition to the government's first ex parte application.

Now, your Honor, "with all due respect", I have worked extremely hard on this legal endeavor, I even have a witness, infact, many witnesses to prove that inmates' out-going mail is being purposely discarded in the trash by Corrupted prison officials here at U.S.P. Atlanta. There are no legal log records being kept of in-coming/out-going legal mail from the Courts to abate this type of Criminal activity from Continuing. Therefore, it is impossible for me to exercise my due process rights, nor receive a fair chance in this action, while being unjustly incarcerated at this institution U.S.P. Atlanta. The many Constitutional and Civil Violations that occur here on a daily basis, are at best border line Criminal, and, the average U.S. citizen would not be able to comprehend these unlawful actions by their government. Yet, even if they could comprehend it, they would most certainly find such actions to be unexceptable. Hereby, Defendant simply reiterates his Opposition to the government's ex parte application(s) as stated in the attached papers that Defendant is resubmitting for the second time.

For the foregoing reasons, this honorable Court is urged to see to it that Defendant is housed within this Court's District, deeming that the ["MOTION"] pursuant to 28 U.S.C. § 2255 was infact timely filed, in order for the Court to now take the matter under submission [and] issue its "ORDER" [as soon as possible], setting forth the dates for the governments' opposition and Defendant's reply.

I, ["DEFENDANT"], John Turscak, declare under penalty of perjury that the foregoing is true and correct. Executed on this 11th day of July, 2005.

Respectfully Submitted,

*John Turscak*

John Turscak, Defendant

## CERTIFICATE OF SERVICE

This is to Certify that I, ["DEFENDANT"], John Turscak, have this day served the foregoing document(s) described as: "Defendant's Memorandum In Support of Defendant's Opposition To The Government's Ex Parte Application(s) And [Proposed] Order(s) Dated May 26, 2005 and June 27, 2005 [and] Defendant's Opposition To Government's Ex Parte Application and [Proposed] Order Dated May 26, 2005", upon the United States District Court, Central District Of California-Western Division, in this action, by placing a true hand written Original(s) thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at: The United States Penitentiary Atlanta, Georgia - via Federal prison officials. Dated this 11th day of July 2005.
Addressed as follows:

    Attn: The Honorable A. Howard Matz - U.S. District Judge
    U.S. District Court, 312 N. Spring Street.,
    Los Angeles, California 90012

                                */s/ John Turscak*
                                John Turscak, Defendant

John Turscak, Reg. No. 14098-074
United States Penitentiary-Atlanta
P.O. Box 150160
Atlanta, Georgia 30315
Defendant.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHN TURSCAK,<br>Defendant. | No. CV 05-2421-AHM<br>CR 99-382-AHM<br>"DEFENDANT'S OPPOSITION TO GOVERNMENT'S EX PARTE APPLICATION AND [PROPOSED] ORDER DATED MAY 26, 2005" |

On this 3rd day of June 2005, I, [Defendant] John Turscak, received from Assistant United States Attorney Diana L. Pauli [A.U.S.A], a document entitled - "Ex Parte Application For An Order Granting Additional Time Within Which To Respond To: (1) Defendant's Motion To Accept A Section 2255 Motion Outside The One Year Statue Of Limitations and (2) Defendant's Motion Pursuant To Section 2255 Dated May 26, 2005". Defendant hereby opposes this ex parte application and any further ex parte applications that the government may seek in any future proceedings without my presance, a [continuing objection].

## "DEFENDANT'S OPPOSITION"

(1) The A.U.S.A has requested a Court "ORDER" granting additional time to respond to Defendant's Motion to accept Motion pursuant to 28 U.S.C. § 2255 outside the one year Stature of limitations. This request is merely a smoke screen upon the Court from having to respond to the "real issues" raised in Defendants ["MOTION"] pursuant to 28 U.S.C. § 2255. This is a petty excuse in an insidious attempt to have Defendant's 2255 Motion thrown out of Court on a technicality issue of being outside the one year Stature of limitations. In accordance with the governing rules for the filing of a 2255 Motion, Defendant clearly laid out the facts for this honorable Court showing "good cause" why Defendants ["MOTION"] should not be time bared. However, the A.U.S.A has asked for additional time in order to "somehow" prove that Defendant has deceived the Court as a ground for dismissal of my 2255 Motion. This will be impossible to prove and here is why:

A. Prior to the Court's November 30, 2004 minute order, notifying Defendant that no such 2255 Motion had been received, that Defendant had submitted via U.S.P. Atlanta prison officials on June 23, 2004. The Court's records will easily prove that on August 4, 2004 and again on August 30, 2004, Defendant had sent inquiring letters to the Clerk of Court asking if said 2255 Motion had been received. ["These letters were 'infact' well within the one year time limitation - window period of September 29, 2004"]. The reason for these inquiry type letters, their have been several incidents of prison officials here at U.S.P. Atlanta, throwing away inmates' outgoing legal/personal mail in the trash, and it was [and still is] Defendant's strong belive that said 2255 Motion had been a subject of this foul play. Due to the fact, that Defendant had not received notice from the Clerk of Court in over 60 days stating that said 2255 Motion had been received, and Defendants dead line-filing period was almost up. Defendant had also sent several follow up letters to the Clerk and respectfully to your Honor. It was not until approximately five months later, that the Court had notified Defendant in its November 30, 2004 minute order, that no such Motion had been received. Therefore, how can it possibly be Defendants fault when technically Defendant had submitted a timely 2255 Motion to this

-2-

honorable Court that prison officials discarded as trash - a criminal offence tampering with U.S. mail!

B. Attached hereto is an unsworn declaration by U.S.P. Atlanta S.H.U. inmate Eugene H. Leathers Sr. Reg. No. 14074-045, as permitted by 28 U.S.C. § 1746, to further prove that Defendant has not in any way attempted to deceive this honorable Court concerning this matter that the A.U.S.A. has brought into question. ["See: Defendant's Exhibit A."]

C. The A.U.S.A states that the government has contacted the Bureau of Prisons in order to ascertain whether they have any record of legal mail being logged for defendant around June 23, 2004. Moreover, due to the discrepancy between the date the statute of limitations Motion was signed January 30, 2005 and the date lodged with this Court March 21, 2005. The government has similarly undertaken to determine whether that item of legal mail was logged by prison officials at U.S.P. Atlanta. The government is also aware of other recent communications with the Court and may seek to determine whether those items were logged at U.S.P. Atlanta and thereafter compare the dates the items were logged in and the date the items were received by the Court. Simply put, what the government is seeking to do is impossible. U.S.P. Atlanta does not have a logging system of its prisoners out-going/in-coming legal mail. There is no log. Prison officials can easily pick and choose as they wish what mail goes out, when they want it to go out, what mail comes in to the prison and when they feel like issuing it out to its prisoners, and, or, flat out discarded into the trash all together. Therefore, rather than the government wait on the Bureau of Prisons to respond to their request, which who knows how long it is going to take them to conjure up a story so to cover up their staffs' wrongful doings, the A.U.S.A should have demanded that prison officials here at the U.S.P. Atlanta fax them their legal mail log records the same very day the government claims it had contacted the Bureau of Prisons in order to ascertain whether they have any record of legal mail being logged for Defendant, and this would have resolved this issue in question right there and then. Because "again" their is no log. If the Bureau of Prisons were to claim that such a log did exist, the government would very easily be able to verify that not a single piece of legal correspondence sent to, or, from this honorable Court has ever been logged and infact

the same very document that the A.U.S.A sent to Defendant received on this 3rd day of June 2005, has not been logged either for that matter. Clearly proving that Defendants position stated herein, is true and factually correct in showing "good cause" why said 2255 ["MOTION"] should not and can not be time bared for any excuse the government shall attempt to use against Defendant as a means for dismissal in this action.

    i). Above all else, it is Defendants understanding that if this honorable court had wanted the government to respond to Defendant's Motion to accept said 2255 Motion outside the one year statute of limitations, then it would have said so in the Court's May 4, 2005 minute "ORDER". The Courts language is clear stating: "Movant John Turscak filed a Motion to Vacate, Set aside or Correct Sentence by a person in federal Custody ["MOTION"] pursuant to 28 U.S.C § 2255 on March 31, 2005. The government shall file any opposition to the ["MOTION"] no later than June 13, 2005." Does not say respond to any other Motion or Motion(s), its specific 2255 ["MOTION"]. However, the government has added its own slanted interpretation in which the Court should not even consider it. Furthermore, it is also Defendants understanding that prior to excepting said 2255 Motion, this honorable Court had obviously done its own home work in checking all of the available records to verify whether Defendant had been truthful or not. Placing the Court in the only position to determine whether Defendant had made a showing of "good cause" to except said 2255 Motion outside the one year statute of limitations in accordance with the local rules. Otherwise, the Court would have rejected the Motion, rather than "ORDER" the government to respond to Defendant's 2255 ["MOTION"] no later than June 13, 2005. Now, I don't claim to be the brightest man nor do I have any law degrees or education in this capacity. However, I do have enough common sense to understand precisely what the Court's "ORDER" clearly states, and based on the ["facts"] that Defendant has attempted to respectfully articulate to this honorable Court thusfar, the Court should ["DENY"] the first part (i) of the governments' ex parte application.

## "DEFENDANT'S OPPOSITION II"

(2) In the government's ex parte application, the A.U.S.A has also requested a Court "ORDER" granting additional time to respond to Defendants ["MOTION"] pursuant to Section 2255. Defendant also objects to this request and any future "ex parte application(s)":

A. The government states that this matter was not assigned to the undersigned A.U.S.A. Diana L. Pauli until May 16, 2005 and that this specific A.U.S.A will be out of the Court's district On business travel from June 6, 2005 through June 11, 2005. The government does not state what type of "business travel" this A.U.S.A will be On, and makes it appear that this is the only A.U.S.A. they have available to work this Case, when this is simply untrue. The government has signed On their ex parte application, in addition to the A.U.S.A., Debra Wong Yang United States Attorney and Steven D. Clymer Special Assistant United States Attorney ["ALL"] defending their position against Defendant. The U.S. Attorneys' office has many AUSA's to choose from, many of which whom are assisting the assigned A.U.S.A in this matter. A.U.S.A Diana L. Pauli is not working this Case against Defendant by herself. Therefore, the government's request for additional time, are no more than crafted "stall tactics". The government will respond to this action when they are "good and ready" to, not when they are "ORDERED" to do so on the Court's valuable time.

B. These are just some, (not all), of Defendants' objections to the governments' ex parte application that Defendant would have been arguing had I been allowed to appear before this honorable Court and not prejudiced from doing so by the government. The A.U.S.A even admits that Defendant would oppose their ex parte application. However, it is clear in their biased opinion that it seems to be irrelevant, due to the fact that the A.U.S.A has not made any attempt to contact Defendant in order to obtain my opposition. Defendant being incarcerated is ["NO EXCUSE"]. The A.U.S.A could have flown out to see Defendant here at U.S.P. Atlanta or at the very least, arranged a Conference Call through prison officials to obtain Defendant's opposition. The A.U.S.A did neither. This is a clear showing of prejudice on the part of the government whos intentions are evidently to keep Defendant far away as they possibly can in order to prevent Defendant a fair chance to address this honorable Court

-5-

["in person"] relevant to Defendant's defense in this case. Hereby, in the interest of Justice and equal protection of due process, Defendant proffers the following:

1. The government has conveyed to this honorable Court that Defendant is currently awaiting transfer from U.S.P. Atlanta. Defendant has made several requests to Your Honor, and by Writ of Habeas Corpus 2241 Petition to this U.S. District Court in Case No. (CV 05-947 TJH) and to the Atlanta District in Case No. (CV 05-569-CC), requesting to be transferred to the California Department of Corrections (C.D.C.) Protective Custody Units, where Defendant can "safely" be placed in the general population protected from those seeking to severely injure and or kill Defendant for having cooperated with the government in the Mexican Mafia investigation. However, as of this date, the matter has yet to be resolved. Both cases are still pending and essentially until the Court issues a ruling the government by means of the Bureau of Prisons can have Defendant transferred to another facility even further away from this Courts district at any given time.

2. The local rules clearly state that the Court must be notified within fifteen (15) days of any address change. If mail directed by the Clerk to the Defendant's address of record is returned undelivered by the post office and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of Defendants current address, the Court may dismiss the case ["Defendant's 2255 Motion"] with or without prejudice for want of prosecution. The point Defendant is trying to make Your Honor, with my transfer being an unresolved issue, within a few weeks or days, the government can have me transferred to Alaska for all I know, and it may take several months until I reach my final destination. My legal property will not follow me until approximately six (6) to eight (8) weeks upon my arrival to a new facility, or it could very well end up thrown in the trash and I never see my legal property again. Making it totally impossible for me to notify the Court [and] opposing counsel of an address change within the required fifteen (15) day period, nor do I know if these prison officials here at U.S.P. Atlanta will return any future correspondence from the Court undelivered as retribution due to the United States Attorneys' office asking questions about legal mail log records that the Bureau of Prisons ["DOES NOT"] have to prove that Defendant ever lied about submitting a timely

-6-

2255 Motion with this honorable that was purposely discarded in the trash by corrupted prison officials here at U.S.P. Atlanta.

   3. In light of the fact(s) stated herein, Defendant is not skilled in quite how to draft up a proposed ["ORDER"], nevertheless, the Court should take this into consideration in all fairness to the Defendant and for the convenience of the Court [and] opposing counsel, until this matter is resolved, this honorable Court should ["ORDER"] the U.S. Marshal Services (U.S.M.S) to have Defendant transported down to one of their protective custody holding jail facilities within this Court's District, to which they have special contracts with, [and] Defendant be allowed to travel on his person all of his personal legal property to prevent loss or delay of said property from ever reaching Defendants destination. Or, if opposing counsel does not have any objections to Defendant wanting to be protected, the A.U.S.A should contact the presiding Judges' in both Writ of Habeas Corpus Cases No.'s CV05-447-TJH, and CV 05-569-CC, showing cause, that the government does not oppose Defendant's-[Petitioner's]- petition(s) for protection and relief should be granted "forthwith". Defendant shall immediately be transfered to the state of California Department of Corrections- Protective Custody Units- where Defendant can "safely" be placed in the general population, protected from those seeking to severely injure and or kill Defendant for having cooperated with the government in the Mexican Mafia investigation- Cooperation that was rendered to their office and the Federal Bureau of Investigation. Defendants [proposed] "ORDER" will not only put an end to all future ex parte applications, it will also insure that Defendant has a fair chance at having this matter heard without being prejudiced any further. Furthermore, Defendant does not have access to a law library here in this so called "Special" Housing Unit (S.H.U.) in order to research any case law relevant to Defendant's defense, nor does Defendant have access to a copy machine in order to send any copies of this opposition to the A.U.S.A. Therefore, it will ultimately serve as a convenience to the Court and opposing counsel to have Defendant housed within this Court's District. The Court should further "ORDER" that Defendant be sent a copy of this opposition to verify that it has been received and filed with the Court [and] that Defendant also have access (copies) to the under seal docket, to include, the Warden of U.S.P. Atlanta-

-7-

"status report" Ordered in the Court's November 30, 2004 Minute Order, and all Correspondence items filed in this Criminal Case between the time that Defendant's Conviction was affirmed till present. Thank you.

In the interest of Justice and equal protection of due process, this honorable Court is urged to ["GRANT"] Defendant's proposed "ORDER".

I, ["DEFENDANT"] John Turscak, declare under penalty of perjury that foregoing is true and correct.

Respectfully Submitted,

John Turscak, Defendant

Executed On this 3rd day of June 2005.

# AFFIDAVIT

I, Eugene H. Leathers, Jr., do solemnly swear that the following statement is true and factual and has been freely given:

Approximately June, 2004, while housed in the Special Housing Unit (S.H.U.), at U.S.P.-Atlanta, an inmate orderly, (known as Hollywood), while picking up the Breakfast trays, shoved a bundle of thirty-one letters, cards, + legal mail under the door of my cell. The inmate stated he removed the mail from a trash-bag that was to be taken out to the dumpsters on the compound. The inmate further stated he had seen mail thrown away on numerous other occasions. Further, he stated he could not get openly get involved in the matter for fear that, if discovered, he might lose his job as an orderly, but he was giving this mail to myself and my cell-mate in the hope that we would persue it and find out who was responsible and, hopefully, prevent this type of crime by the Staff here from occurring in the future. My cell-mate and I asked to speak with someone from S.I.S. or the Warden. Mr. Aikers, the S.I.A. came to speak with us along with Lt. Burke. We told them we would like to speak with someone from the F.B.I. or the U.S. Attorney's Office. They refused and, at that point, Mr. Aikers forceably took the mail away from me. He assured us there would be a thorough investigation and whoever was responsible would be appropriately dealt with. He gave us his word. No investigation was ever done. No one was ever held accountable for it. And last, no one has any idea what ever happened

-1-

DEFENDANT'S
EXHIBIT
A.

to the thirty-one pieces of mail. The incident I just described is *not* an isolated or rare event. Just last month I wrote a letter to the Clerk of the Northern District of Georgia and mailed it the same date — May 2, 2005 — requesting legal forms from the Court. My letter was returned to me, along with the Clerk's response and the documents I requested. My letter was stamped "Rec'd in Clerk's Office, May 5, 2005." The court's large manilla envelope was "Postmarked" May 6, 2005. The problem? I didn't receive the envelope until June 2, 2005 at 1:00pm. Regular mail-call is Mon.-Fri., from 4:00-5:00pm. Again, an inmate worker found this legal mail in the bottom of a mail-bag that had been laying there in a corner for a month. The mail was also opened in violation of priviledged-mail policies in place throughout the B.O.P. Of course, we have all been told here at U.S.P.-Atlanta that "regular policies and procedures" do not apply here. Both, Capt. Branch and my former Unit Manager, Mr. Stewart, have stated, (quote), "You're in U.S.P.-Atlanta now. We do things a little different here. We do it 'our' way — the Atlanta way." That's a big joke here! It's like the approved (secret) institutional mission statement or something. I am currently residing in the Special Housing Unit — a completely locked-down unit. Every single piece of legal mail I have received here has been opened and/or delayed outrageously — others, simply are lost! There is *no* Legal Mail Log that I have ever signed, as is supposed to be the policy + procedure throughout the B.O.P. In general population I did see and sign a log, but even then, it wasn't *all* the time. In the S.H.U., it is never.

    I have submitted this statement because it is the honest thing to

-2-

do — because these are the facts. Among the thirty-one pieces of mail taken from me by S.I.A Aikes was a sealed manilla envelope addressed to the Courts and marked <u>Legal-Mail Priviledge</u>. I don't recall which court, but this envelope was from John Turscak.

Following is a list of the inmate's names whose mail was trashed and taken from me by Mr. Aikers, S.I.A:

1.) Joe Kivenas — 1 personal letter
2.) George Cano — letter to the Warden
3.) Chester Blum — 2 personal letters
4.) Eugene Leathers — 1 legal letter (atty.)/ 1 personal letter
5.) Juan Jose Lara — 1 personal letter
6.) Jamison Swift — 2 personal letters
7.) Darryl Parks — 1 legal letter (court)/ 1 personal letter
8.) Jose Chavarria — letter to Property Officer
9.) (No 1st Name) Madison — letter to Chaplain
10.) Sonny Siofele — letter to Med./ letter to Psych Dept.
11.) J. Richardson — 1 personal letter
12.) John Turscak — 1 legal manilla (courts)/ 2 personal letters
13.) Jerome Moore — sick call request
14.) Mallcolm Lytell — 1 personal letter
15.) Ernest Laws — 1 legal manilla (atty.)/ 1 personal letter
16.) Eduardo Vega — 1 letter to Counselor Perez
17.) (No 1st Name) Gonzales — 1 personal letter
18.) L. Patton-Bay — 1 letter to Chaplain / 1 letter to Unit Team
19.) Micheal Perry — 1 personal letter
20.) David Wood — 1 personal letter
21.) Lovelace Shirley — 2 legal manillas (court)

I, Eugene H. Leathers, Jr., do solemnly swear that the foregoing three page affidavit is true and accurate to the best of my knowledge and ability.

Date: 6-3-05

*Eugene H. Leathers, Jr.*

Eugene H. Leathers, Jr.
#14074-045
P.O. Box 150160
Atlanta, GA. 30315

## CERTIFICATE OF SERVICE

This is to Certify that I, [DEFENDANT] John Turscak, have this day served the foregoing document described as: "DEFEDANT'S OPPOSITION TO GOVERNMENT'S EX PARTE APPLICATION AND [PROPOSED] ORDER DATED MAY 26, 2005", upon the United States District Court, Central District of California-Western Division, in this action by placing a true handwritten original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at: the United States Penitentiary Atlanta, Georgia - via federal prison officials. Dated this 3rd day of June 2005.
Addressed as follows:

Attn: Courtroom Deputy for,
U.S. District Court Judge A. Howard Matz
U.S. District Court,
312 N. Spring Street, Civil Section, Room G-8
Los Angeles, California 90012

*John Turscak*
John Turscak, Defendant